# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Thomas, :
                 Petitioner :
 :
      v. : No. 279 C.D. 2015
 : Submitted: December 31, 2015
Pennsylvania Board of Probation :
and Parole, :
                Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: March 7, 2016**

Anthony Thomas (Thomas) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal. He argues the Board improperly recalculated his maximum sentence date, and he challenges the order of his sentences. Specifically, Thomas contends the new maximum sentence date should be vacated because the Board did not comply with Section 6138(a)(5.1) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(5.1). Upon review, we affirm.

## I. Background

Following his initial arrest for armed robbery in 2002, the Board paroled and recommitted Thomas multiple times as both a technical parole violator (TPV) and as a convicted parole violator (CPV). Relevant here, in 2003, Thomas was convicted and sentenced by the Court of Common Pleas of

Philadelphia County to a term of 5 to 10 years for conspiracy to commit armed robbery. His original maximum sentence date was May 30, 2011.

After he was paroled from that offense, Thomas was recommitted to serve 12 months' backtime at State Correctional Institution (SCI)-Graterford as a TPV. The amended maximum sentence date, with delinquency time of 146 days added, was **October 23, 2011**. Certified Record (C.R.) at 2.

On July 18, 2008, Thomas was re-paroled to a Community Correctional Facility (CCF) in Philadelphia County. At that time he owed 1,707 days backtime on his original sentence. Id. On July 20, 2009, he violated the conditions of his re-parole by not reporting to the CCF.

Thomas was subsequently arrested by federal officials and charged with federal crimes relating to armed bank robbery on November 10, 2009. The Board lodged a detainer against Thomas the same day. C.R. at 28. From his date of arrest until sentencing on the federal charges, Thomas was held in a federal prison on both federal and Board detainers.

On June 25, 2010, the federal court accepted Thomas' guilty plea, and it sentenced him to serve 63 months in federal prison. C.R. at 40-44. While in federal custody, Thomas requested the Board run his federal sentence concurrently with his original sentence.

Thomas was released from federal custody on June 24, 2014. When Pennsylvania authorities did not appear for his scheduled pick-up on that date, he was held in a West Virginia county facility. Pennsylvania authorities did not take Thomas into custody for his parole violations until July 24, 2014. C.R. at 46. Thomas admitted he violated his conditions of parole. He also waived his right to a parole revocation hearing and his right to counsel. C.R. at 37.

The Board issued a decision that recommitted Thomas to serve six months as a TPV and 24 months as a CPV concurrently, for a total of 24 months backtime. C.R. at 58-59. That decision recalculated his maximum sentence date as **February 13, 2018**.

Thomas appealed the decision, filing an administrative remedies form. He alleged the Board improperly calculated his maximum sentence date, and he challenged the order of service of his sentences. He also asserted the Board did not credit him for time served in two respects: (1) between his date of arrest and the date of his conviction by federal authorities, which amounts to seven months and 15 days; and, (2) from the release by federal authorities on June 24, 2014, to a West Virginia facilty, which held him on Pennsylvania's detainer until July 17, 2014,[1] which amounts to 23 days. C.R. at 62. The Board affirmed the decision on February 11, 2015. Thomas filed a petition for review to this Court.

---

[1] According to Thomas, starting on July 17, 2014, West Virginia held him on its detainer as well pending his pick-up by Pennsylvania authorities on July 24, 2014.

3

On appeal, the Board recognized it erred in calculating his time because Thomas was entitled to credit on his original sentence from the date he was released by federal authorities to the date Pennsylvania authorities took him into custody. The Board requested a remand to correct the error, which this Court granted. This credit changed his maximum sentence date to **January 14, 2018**.

After remand, only the issue as to the order of his sentences remains. Thomas asserts the Board's calculation of his maximum sentence date must be vacated because it did not comply 61 Pa. C.S. §6138(a)(5.1). Thomas asked this Court to retain jurisdiction to address this issue. Although permitted to do so, Thomas did not file another brief post-remand.

## II. Discussion

On appeal,[2] Thomas argues the extension of his maximum sentence date should be vacated because the Board failed to comply with Section 6138(5.1) of the Parole Code, which requires that he serve the original sentence before his federal sentence. Essentially, Thomas contends he became available to Pennsylvania authorities when he was sentenced on the federal charges on July 25, 2010. As a result, he claims credit for the time served on his federal sentence.

The Board counters that Thomas was not available to serve his original sentence until his release from federal custody on June 24, 2014. His

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

4

maximum sentence date was properly calculated by adding the remaining time on his unexpired sentence to that date. However, the Board concedes that "typically," Thomas would have become "available" to the Board to serve his backtime on the date of sentencing on the federal charges. Resp't's Br. at 8.

The Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. See 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, and shall be given "no credit for the time at liberty on parole." 61 Pa. C.S. §6138(a)(2).[3] "[T]he Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole." Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66, 73 (Pa. Cmwlth. 2013), appeal denied, 87 A.3d 322 (Pa. 2014).

Critical here is when Thomas became available to serve his backtime. We also consider whether the order of his federal and state sentences was proper. Relying on Section 6138(5.1) of the Code, Thomas argues he was required to "serve the balance of his original term before serving the new term." Pet'r's Br. at 9. Essentially, he contends he is entitled to credit for time in federal custody on both his original state sentence and on his federal sentence as of his date of federal sentencing.

---

[3] Although the Board may award discretionary credit for time at liberty under subsection 2.1, that does not apply when a parolee commits a crime of violence under 42 Pa. C.S. §9714(g) (including robbery, or an equivalent crime in another jurisdiction).

## A. Order of Sentences

Section 6138(a)(5.1) provides, in pertinent part, as to CPVs:

> (5.1)  If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or a plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

61 Pa. C.S. §6138(a) (emphasis added).  This provision, enacted on October 27, 2010, became immediately effective.

We recently held "[t]he addition of subsection 5.1 constituted a significant change in legislative policy regarding the order of service of sentences where the [CPV] received a new sentence in a federal court or a court of another jurisdiction."  Baasit v. Pa. Bd. of Prob. & Parole, 90 A.3d 74, 82 (Pa. Cmwlth. 2014).  There, we vacated and remanded for a determination of pre-sentence credit by the Board, explaining subsection 5.1 applied because the federal court entered judgment in 2012. Under Baasit, Thomas became "available" when he was convicted on the federal docket.  Id. at 76.

However, this case is distinguishable from Baasit as subsection 5.1 was not yet in effect.  Thomas was sentenced on June 25, 2010, four months before the enactment of subsection 5.1.  We thus reject Thomas' argument that subsection 5.1 constitutes grounds for vacating the Board's decision.

Here, the applicable provision of the Code provided, in pertinent part:

If a new sentence is imposed upon such parolee, the service of the balance of said term original imposed shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed on the person is to be served in the county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5) (emphasis added). Construing the same language under the earlier Parole Act,[4] we held a parolee was required to serve his new federal sentence before he could begin serving backtime on his original sentence because he was directed to serve his time in a federal institution. Griffin v. Dep't of Corr., 862 A.2d 152 (Pa. Cmwlth. 2004).

The Code also provided: "the period of time for which the [CPV] is required to serve shall be computed from and begin on the date that the [CPV] is taken into custody to be returned to the institution as a [CPV]." 61 Pa. C.S. §6138(a)(4). Thomas was confined solely on the Board's detainer after he served his federal sentence. The date of his release from federal custody was also the date Thomas was available to Pennsylvania authorities, and thus was his "custody for return" date. Rivenbark v. Pa. Bd. of Prob. & Parole, 501 A.2d 1110 (Pa. 1985).

---

[4] Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, as amended, formerly 61 P.S. §331.21a(a), repealed by the Act of August 11, 2009, P.L. 147.

7

## B. Credit for Federal Custody

As Thomas did not become "available" to the Board until his release date, the Board properly calculated his maximum sentence date. When Thomas was released on parole on July 18, 2008, Thomas owed three years, three months and five days backtime[5] toward his original sentence. C.R. at 58. He also forfeited his 111 days at liberty, for a total of 1300 days. On remand, the Board credited Thomas for the 23 days he spent in custody after his release date, as he was held only on the Board detainer. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). By adding 1277 days (1300 days minus the 23 days credit) to Thomas' release date of June 24, 2014, the maximum sentence date is properly calculated as January 14, 2018.

Thomas cites no authority supporting his contention that incarceration time in federal custody should be credited against his original sentence. There is no indication on the certified record that the sentencing court ordered the time to be served concurrent to any other sentence. Contra Griffin (holding credit due for federal time in custody when sentencing court ordered sentences to run concurrently). The time for which Thomas seeks credit is that spent serving his federal sentence. See Pet'r's Petition to Retain Jurisdiction.

The Board is not required to credit time spent in federal custody against an original sentence. Gaito. That sentence corresponded to his federal

---

[5] "Service of backtime relates to the original sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges." Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299, 303 (Pa. 2003).

convictions which did not arise out of the same incident for which Thomas was originally sentenced. Thus, there is no danger of violating the Double Jeopardy clause of the United States Constitution,[6] or of the Pennsylvania Constitution,[7] prohibiting multiple punishments for the same offense. Requiring Thomas to serve the remainder of his unexpired term does not constitute a second punishment for the same offense. Rivenbark; see also Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299 (Pa. 2003).

### III. Conclusion

For the foregoing reasons, we affirm the Board's order as modified on remand to reflect the proper crediting of time, and a recalculated maximum sentence date of January 14, 2018.

_____
ROBERT SIMPSON, Judge

---

[6] U.S. CONST. amend. V.

[7] PA. CONST. art. I, §10.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Thomas,                          :
                      Petitioner          :
                                          :
          v.                             :      No. 279 C.D. 2015
                                          :
Pennsylvania Board of Probation          :
and Parole,                               :
                      Respondent          :

# **O R D E R**

**AND NOW**, this 7th day of March, 2016, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge