# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gabriel Santosusso, : 
            Petitioner : 
                 : 
    v. : No. 574 C.D. 2017
                 : SUBMITTED:  December 8, 2017
Pennsylvania Board of : 
Probation and Parole, : 
            Respondent : 


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                  **FILED:  January 30, 2018**


Gabriel Santosusso petitions for review of the April 10, 2017 order of the Pennsylvania Board of Probation and Parole (Board) denying Santosusso's administrative appeal from the revocation of his parole following a federal conviction on March 15, 2012.  Santosusso argues that the Board failed to provide him with a timely revocation hearing.  The Board argues that Santosusso waived his challenge to the timeliness of his revocation hearing when he waived his right to a hearing.  We affirm.

On November 3, 2010, the Board granted Santosusso conditional parole from his five-to-ten year sentence for nine counts of Manufacture, Sale, Delivery, or Possession with Intent and one count of Criminal Conspiracy.  (Certified Record

(C.R.) at 1-4.)  His original minimum date was January 27, 2011, and his original maximum date was January 27, 2016.  (*Id.* at 2.)  The Board paroled Santosusso on February 1, 2011.  At that time, Santosusso signed conditions governing the terms of his parole.  He thereby acknowledged that if he was convicted of a crime committed while on parole, the Board had the authority to recommit him to serve the balance of his original sentence with no credit for time at liberty on parole.  (*Id.* at 5-10.)

On June 28, 2011, the United States Drug Enforcement Agency charged Santosusso with federal drug-trafficking offenses in New York.  (*Id.* at 24.)  On July 5, 2011, the Board issued a warrant to detain Santosusso for parole violation.  (*Id.* at 21.)  However, Santosusso remained in federal custody in New York following his arrest, and on March 15, 2012, he pleaded guilty to a federal drug offense.  (*Id.* at 15.)  On January 23, 2013, he was sentenced to serve 66 months in federal prison. (*Id.* at 16-17.)  The Board received official verification of the federal conviction on June 11, 2013.  (*Id.* at 34.)  However, Santosusso remained in federal custody until November 4, 2015, when he was returned to the Pennsylvania Department of Corrections.  (*Id.* at 46.)

On January 21, 2016, the Board provided Santosusso with notice of its intention to hold a revocation hearing for violations of his parole conditions.  (*Id.* at 29.)  Santosusso waived his right to a hearing and admitted violating his conditions of parole.  (*Id.* at 30-34.)  On March 23, 2016, the Board recommitted Santosusso and changed his maximum date from January 27, 2016 to October 29, 2020.  (*Id.* at 42.)

On July 22, 2016, the Board modified its March 23, 2016 decision, changing Santosusso's maximum date to April 10, 2019. (*Id.* at 47.) The Board calculated that Santosusso owed 1,821 days of backtime towards his original sentence when he was paroled on February 1, 2011. (*Id.* at 48.) The Board credited Santosusso with 568 days for the period of July 5, 2011 to January 23, 2013, leaving Santosusso with a debt of 1,253 days of time on his original sentence.[1] (*Id.*) The Board determined that Santosusso began serving his remaining 1,253 days on November 4, 2015, when he was returned to the Pennsylvania Department of Corrections from federal custody. (*Id.*) As a result, the Board calculated Santosusso's new original sentence maximum date to be April 10, 2019. (*Id.* at 48.)

Santosusso submitted an Administrative Remedies Form to the Board on May 27, 2016, appealing the Board's March 23, 2016 decision. (*Id.* at 50-56.) On August 4, 2016, Santosusso submitted a second Administrative Remedies Form, appealing the Board's July 22, 2016 modification to its March 23, 2016 decision. (*Id.* at 57-61.) On April 10, 2017, the Board issued a response letter to Santosusso

---

[1] The Board was applying the rule set forth in *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014), when it recalculated Santosusso's new original maximum date to provide him with credit for his pre-sentence federal confinement. There, this Court held that such credit should be applied to a parolee's original state sentence under Section 6138(a) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a), where a parolee is held on both a Board detainer and pending federal charges. *Baasit*, 90 A.3d at 82-83. In *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759 (Pa. 2017), the Supreme Court expressly disapproved *Baasit*. However, the question of the propriety of the Board's award of pre-sentence credit pursuant to *Baasit* is not before this Court here.

3

affirming its March 23, 2016 and July 22, 2016 decisions. (*Id.* at 68-69.) This appeal followed.[2]

Santosusso claims that the Board failed to provide him with a timely revocation hearing. Section 71.4 of the Board's Regulations, 37 Pa. Code § 71.4, provides in relevant part:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification . . . of the guilty verdict at the highest trial court level except as follows:
>
> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as . . . confinement in a Federal correctional institution . . . where the parolee has not waived the right to a revocation hearing by a panel. . ., the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

Thus, when a parolee like Santosusso is transferred from federal custody to a state correctional facility, the 120-day window for a revocation hearing opens when the Board receives official verification of the parolee's return to state custody. However, the regulation also recognizes that such a hearing needs to be scheduled only if the parolee has not waived his right to the hearing. 37 Pa. Code § 71.4(1)(i). Santosusso waived his right to a revocation hearing on January 21, 2016, 78 days after his return to a state correctional facility.

---

[2] Because there are no disputed facts, but only legal questions at issue here, our review is plenary.

4

The Board argues that Santosusso may not challenge the timeliness of a revocation hearing when he waived his right to such a hearing. We agree. In *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073 (Pa. Cmwlth. 2013), this Court held that when a parolee has waived his right to a revocation hearing, he has also "expressly waived his right to later allege that the Board failed to timely schedule a revocation hearing." *Id.* at 1076; *see Baxter v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 12 C.D. 2011, filed February 24, 2012).[3]

Santosusso does not address the waiver issue in his brief. Instead, he claims that the Board violated Section 6138(a)(5.1) of the Prisons and Parole Code (Code), which states, "If the parolee is sentenced to serve a new term of total confinement by a Federal court . . . because of a verdict or a plea. . . , the parolee shall serve the balance of the original term before serving the new term." 61 Pa. C.S. § 6138(a)(5.1). Santosusso argues that the statute required the Board to wrest him from federal custody to continue serving his state sentence upon receipt of official verification of his federal sentence. Therefore, he contends, the period for a timely revocation hearing expired long before his return to a SCI because the Board did not hold a revocation hearing within 120 days from June 11, 2013, the date it received verification of his federal sentence.

This Court has recently considered a similar argument in *Brown v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 262 C.D. 2017, filed December 14, 2017). In *Brown,* as in this case*,* a parolee remained in federal custody from the time of his arrest until the conclusion of a federal sentence. Brown

---

[3] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value.

5

argued that Section 6138(a)(5.1) of the Code mandated that the Board conduct a revocation hearing within 120 days of the date of official verification of his federal sentence regardless of whether he remained in federal custody, but this Court rejected that argument:

> Brown does not dispute that he was in federal custody before and after his federal sentencing and when the Board received official verification of his conviction. His argument presumes that the Board had the *ability to obtain him from federal custody* in order to hold a revocation hearing and recommit him as a [parole violator] to serve the remainder of [his] original sentence in accordance with Section 6138(a)(5.1). However, the Board asserts that it does not have the ability to acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit the parolee to serve the remainder of the original sentence. Thus, . . . Brown was *already unavailable to the Board* when he pled guilty and was sentenced, as well as when it received official verification of his conviction. The Board could not have acquired Brown until after his release from federal custody. . . . Under these circumstances, we are not persuaded by Brown's argument that Section 71.4(1)(i) of the regulations is inapplicable based on Section 6138(a)(5.1) [of the Code]. . . .

*Brown*, slip op. at 12 (emphasis in original).

As in *Brown*, we are unaware of any authority supporting Santosusso's implicit supposition that the Board has the power to pluck a Pennsylvania parolee from a federal prison for the purpose of recommitting him as a parole violator. We find the reasoning in *Brown* to be persuasive with respect to Santosusso's argument that the Board failed to hold a timely revocation hearing in this case. Moreover, as discussed above, Santosusso waived this argument when he waived his right to a revocation hearing on January 21, 2016.

6

For these reasons, we affirm the decision of the Board.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gabriel Santosusso,                        :
                    Petitioner             :
                                           :
        v.                                 :     No. 574 C.D 2017
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
                    Respondent             :

# **O R D E R**

AND NOW, this 30th day of January, 2018, the decision of the Pennsylvania Board of Probation and Parole dated April 10, 2017, is affirmed.

 

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge