# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimani J. Lockhart,                                :
                              Petitioner           :
                                                   :
                    v.                             :    No. 1123 C.D. 2018
                                                   :    Submitted: July 12, 2019
Pennsylvania Board of Probation                    :
and Parole,                                        :
                              Respondent           :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: August 13, 2019**


Kimani J. Lockhart petitions for review of the August 29, 2018 Order of the Pennsylvania Board of Probation and Parole (Board) that denied Lockhart's request for administrative relief and affirmed its Decision mailed May 10, 2018 recommitting Lockhart as a convicted parole violator (CPV) and recalculating his parole violation maximum date to January 23, 2022.[1]  In doing so, the Board held

---

[1] Lockhart sought administrative relief from the May 10, 2018 Decision twice.  After the Board responded to his first request for administrative relief by Order mailed June 12, 2018, Lockhart filed his second request for administration relief claiming the Board did not address the issue he was raising in its initial order.  In the interim, Lockhart filed a petition for review with this Court, challenging the June 12, 2018, order.  The Board subsequently issued its August 29, 2018 Order, also affirming the May 10, 2018 Decision.  Although Lockhart did not file an amended petition for review, both he and the Board address the propriety of the August 29, 2018 Order.  Therefore, we treat his petition for review as challenging the August 29, 2018 Order.

that it did not err in recalculating Lockhart's new maximum date without giving Lockhart credit for the period between March 13, 2017, and April 18, 2018.  On appeal, Lockhart argues that, under the equitable principles set forth in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), and *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014), he was entitled to credit for this time because he was being held on a Board detainer.  Based on our Supreme Court's decision in *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759 (Pa. 2017), disapproving *Baasit* and clarifying under what circumstances *Martin* may be applied, which are not present here, we affirm.

Lockhart was released on parole on June 8, 2016, with an existing maximum sentence date of March 15, 2020.  On March 13, 2017, Lockhart was arrested on new criminal charges, including violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act,[2] 35 P.S. § 780-113(a)(30) (Manufacture, Delivery, or Possession with the Intent to Manufacture or Deliver) (PWID).  The Board issued a Warrant to Commit and Detain Lockhart on that same day.  Bail on the new charges was set at $80,000 on March 13, 2017, and Lockhart was unable to post bail, resulting in his being confined in the Lackawanna County Prison.  (Certified Record (C.R.) at 25, 34.)  On March 22, 2017, Lockhart waived his right to a detention hearing based on the new criminal charges.  The Board ordered Lockhart to be detained pending disposition of the new criminal charges. (*Id.* at 37.)  On November 29, 2017, Lockhart pled guilty to PWID,[3] and he was sentenced on February 27, 2018, to a minimum of 21 months and a maximum of 60 months of confinement followed by 4 years of probation.  (*Id.* at 40-42.)  Lockhart was returned to a State Correctional Institution (SCI) on March 28, 2018.

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

[3] The remaining charges were *nolle prossed*.  (C.R. at 40-41.)

The Board issued a Notice of Charges and Hearing advising Lockhart that a revocation hearing would be held based on his new criminal conviction. Lockhart waived his rights to counsel and a revocation hearing on March 27, 2018, admitting that he had been convicted of PWID. Based on Lockhart's admission and court records, by Decision mailed May 10, 2018, the Board recommitted Lockhart as a CPV, ordered that he serve 18 months of backtime, and recalculated his parole violation maximum from March 15, 2020, to January 23, 2022. (*Id*. at 59, 61-62.) In doing so, the Board did not give Lockhart credit toward his original sentence for the time he was in custody from March 13, 2017, through April 18, 2018, the date a second Board member agreed to recommit Lockhart as a CPV. (*Id.* at 57, 59.)

Lockhart sought administrative relief, challenging the Board's denial of credit for the time he spent in pre-sentence custody on the Board's detainer. (*Id.* at 65-72.) The Board responded in its Order mailed August 29, 2018, explaining that its review reflected that the Board did not fail to appropriately apply credit, the recalculated maximum sentence date was correct, and it was denying Lockhart's request for relief. (*Id.* at 73.) Lockhart now petitions this Court for review.[4]

On appeal, Lockhart argues "the Board's calculation of [his] new maximum sentence date and reparole eligibility date is based on the erroneous denial of credit for much of the time [he] was in custody on the Board's detainer." (Lockhart's Brief (Br.) at 6.) Noting that the Board only gave him credit for the time he spent in custody solely on the Board's detainer, Lockhart asserts that, pursuant to *Martin*, he was entitled to "credit for other periods of time in custody, although the custody was

---

[4] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

not solely due to the Board's detainer." (*Id.*) Lockhart maintains that *Martin* allows the Board to give credit on the original sentence even when a parolee's confinement is due to both an arrest for new charges and the Board's detainer. This holding, Lockhart argues, was reiterated in *Baasit*. Under *Martin* and *Baasit*, Lockhart argues, there is a "concept of 'equitable crediting' and . . . the 'decision in *Martin* [was] noteworthy in that it represents some flexibility in credit assignments from the approach [set forth] . . . in *Gaito* [*v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980)]." (Lockhart's Br. at 9 (quoting *Baasit*, 90 A.3d at 82-83).) Applying this "equitable crediting" concept here, Lockhart argues his original sentence should have been credited for all of the time he was in custody on the Board's detainer, notwithstanding that he received a sentence for his new criminal charges.

The Board responds that Lockhart's reliance on *Martin* and *Baasit* is misplaced. According to the Board, *Martin* is limited to circumstances where the period of pre-sentence confinement exceeds the maximum sentence on the new conviction, which is not the case here, and that *Baasit*'s broader application of *Martin* was expressly rejected in *Smith*. Thus, under the general rule of *Gaito*, 412 A.2d at 571, whereby a parolee is entitled to credit only for the time spent in pre-sentence custody **solely** on the Board's detainer, the Board asserts Lockhart is not entitled to any credit for the challenged period because he was not being held solely on its detainer. It notes that Lockhart's **new** sentence, which will be served after he is released from his original sentence, will be credited with the period between March 13, 2017, and April 18, 2018. (Board's Br. at 7 n.1.)

The seminal case on the allocation of credit for time spent in pre-sentence confinement is *Gaito*. In *Gaito*, the Supreme Court held that if a parolee is detained

on both a Board detainer and new charges, the time spent in custody is to be credited to the sentence imposed for the new charges. 412 A.2d at 571. However, if a parolee meets the bail requirements for the new charges and is, therefore, detained solely on the Board's detainer, the time spent in custody is to be credited to the original sentence. *Id. Gaito* recognized that, where there is no conviction or no new sentence imposed for a conviction on the new charge, the pre-sentence confinement "must be applied to the parolee's original sentence." 412 A.2d at 571 n.6.

In *Martin*, the Supreme Court clarified there may be other circumstances where applying this general rule results in a parolee not receiving credit for the full amount of time spent in pre-sentence confinement, such as where the pre-sentence confinement exceeds the maximum sentence of imprisonment on the new charges. 840 A.2d at 309. In those cases, "all time spent in confinement must be credited to either the new sentence or the original sentence," *id.*, and credit toward the original sentence may occur where it was not possible to award all credit toward the new sentence because the new sentence was shorter than the period of pre-sentence confinement, *see Smith*, 171 A.3d at 769.

In *Baasit*, this Court sought to expand *Martin*'s equitable principles to allow flexibility in granting credit against an original sentence for pre-sentence confinement; however, the Supreme Court rejected that proposition in *Smith*. In *Smith*, the Supreme Court explained the standard for allocating credit for pre-sentencing confinement is as follows:

> *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a [CPV] who receives a new sentence of incarceration, and the exception to *Gaito* set forth at footnote 6 and further developed in **Martin, is limited to cases in which a [CPV] receives a term of incarceration for new charges that is shorter than his pre-sentence confinement**, such that the application of the general *Gaito* rule would result in excess incarceration.

5

*Smith*, 171 A.3d at 768-69 (emphasis added).

Applying *Smith*'s holding here, the Board did not err in not giving Lockhart credit for the time spent in custody on both the Board's detainer and the new charges. Lockhart was arrested on the new charges on March 13, 2017, with the Board issuing its detainer on that same date. Bail on the new charges was set at $80,000, but Lockhart did not post bail. Thus, beginning on March 13, 2017, Lockhart was confined on **both** the new charges and the Board's detainer. Lockhart was sentenced to a new term of imprisonment of 21 months to 60 months in a SCI on February 27, 2018. His parole was not revoked until April 18, 2018, which is the date he became available to begin serving the backtime on his original sentence. *See Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769-70 (Pa. Cmwlth. 2015) (citation omitted); *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 981-82 (Pa. Cmwlth. 1980). Lockhart is not entitled to any credit against his original sentence under *Gaito* because there was not a period during which Lockhart was confined solely on the Board's detainer, and the circumstances in footnote 6 in that case which can raise a claim for equitable credit are not present here. 412 A.2d at 571 and n.6. Lockhart also was not entitled to any credit against his original sentence under *Martin* because his maximum sentence of imprisonment on the new charges, 60 months, exceeds the amount of his pre-sentence confinement of approximately 13 months. 840 A.2d at 309; *see also Smith*, 171 A.3d at 769. For these reasons, there was no error in the Board's not giving Lockhart credit toward his original sentence for the challenged period.

Accordingly, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kimani J. Lockhart,             :
            Petitioner     :
                    :
       v.            :   No. 1123 C.D. 2018
                    :
Pennsylvania Board of Probation  :
and Parole,            :
            Respondent   :

# O R D E R

NOW, August 13, 2019, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-caption matter, is **AFFIRMED**.

---

                **RENÉE COHN JUBELIRER,** Judge