IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derek Smith,  :
              Petitioner  :
                :
        v.  : No. 1007 C.D. 2015
                : Submitted:  February 5, 2016
Pennsylvania Board of Probation  :
and Parole,  :
              Respondent  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: February 23, 2016


Derek Smith (Parolee) petitions for review of the decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's order recalculating his maximum sentence following his recommitment as a convicted parole violator in which he sought credit for pre-sentence confinement under Sections 6138(a)(5) and (5.1) of the Prisons and Parole Code (Code), 61 Pa. C.S. §§6138(a)(5)–(5.1).[1] For the reasons that follow, we vacate and remand.

---

[1] Section 6138(a) of the Code provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

**(Footnote continued on next page…)**

**I.**

On November 4, 1998, Parolee was found guilty of robbery pursuant to 18 Pa. C.S. §3701(a) and sentenced to 10 to 20 years of imprisonment, with a minimum release date of December 31, 2010, and a maximum release date of December 31, 2020. Parolee was released on parole on October 27, 2011. On January 28, 2013, Parolee was arrested in Cary, North Carolina, for multiple jewelry store robberies. On January 29, 2013, the Board lodged a detainer against Parolee, who is also known as Rodger Kent Williams.

On April 23, 2013, federal authorities indicted Parolee, under the name Rodger Kent Williams, for: (1) interference with commerce by threat, violence or robbery in violation of 18 U.S.C. §1951; (2) use of a firearm during a crime of

---

**(continued…)**

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.
>
> (5.1) If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

61 Pa. C.S. §§6138(a)(5)–(5.1).

violence in violation of 18 U.S.C. §924(c)(1)(A); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g). On May 2, 2013, federal authorities detained Parolee for the new criminal charges and on July 30, 2013, Parolee was returned to Pennsylvania and placed in Columbia County Prison on a federal detainer.

On December 10, 2013, Parolee pled guilty to the federal charges and was sentenced on June 3, 2014, to 246 months of imprisonment in a federal correctional facility consisting of two terms of 162 months each to be served concurrently, and a term of 84 months to be served consecutively. On September 10, 2014, Parolee was returned to SCI Rockview to serve the remainder of his state sentence before being transferred to federal correctional authorities.

## II.

The Board issued Parolee a Notice of Charges and Hearing for a revocation hearing stemming from his new criminal conviction and, as before, Parolee signed a Waiver of Revocation Hearing and Counsel/Admission Form admitting that he committed the federal offenses in violation of his parole.[2]

---

[2] As a result of Parolee's new criminal charges and technical parole violations, the Board previously issued a Notice of Charges and Hearing for a preliminary and detention hearing. Parolee then signed a Waiver of Violation Hearing and Counsel/Admission Form, indicating that he knowingly, intelligently and voluntarily admitted to violating the terms and conditions of his parole. The Board recommitted Parolee as a technical parole violator to serve six months for leaving the district without permission, but his parole violation maximum date remained December 31, 2020, subject to his conviction on the federal charges.

By decision mailed on December 29, 2014, the Board recommitted Parolee as a convicted parole violator and sentenced him to serve 48 months, served consecutively with his previous sentence of 6 months as a technical parole violator, for a total of 56 months backtime. In an amended order to recommit, the Board determined that his maximum release date was May 7, 2023. In arriving at that date, the Board gave him backtime credit of 93 days for the period he was incarcerated from January 29, 2013, to May 2, 2013, solely on the Board's detainer. The Board did not credit him for the 397-day period he was incarcerated from May 2, 2013, to June 3, 2014, for the time he spent in pre-sentence confinement.

Parolee filed a *pro se* Petition for Administrative Relief objecting to the recommitment term and challenging the recalculation of his parole violation maximum date contending, among other things, that the Board failed to credit him "from when the [Board] put their [sic] detainer" and "from the time … of the [parole] detainer placed on [him]." (Certified Record (C.R.) at 98.)

By decision mailed on April 16, 2015, the Board denied Parolee's Petition for Administrative Relief, explaining that he did not receive credit on his original sentence for the time he spent in pre-sentence confinement from May 2, 2013, to June 3, 2014, because he was held on both his new federal charges and the Board's detainer during that period and that credit for that time would apply to his new federal sentence.[3] This appeal followed.

---

[3] In its denial of Parolee's request for administrative relief, the Board reasoned:

Based on these facts, the Board gave you 93 days of credit for the period you were incarcerated from January 29, 2013 to May 2, 2013

**(Footnote continued on next page…)**

4

**III.**

On appeal,[4] Parolee argues that the Board erred in denying him 397 days of pre-sentence confinement credit for the period of May 2, 2013, to June 3, 2014, when he was incarcerated on both the Board's detainer and his federal charges. Relying on *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74, 83 (Pa. Cmwlth. 2014), Parolee argues that because he was first arrested by

---

**(continued…)**

> because you were held solely on the board detainer during this period. *Gaito v. Board of Probation and Parole*, 412 A.2d 568 ([Pa.] 1980). However, the Board did not give you any credit on your original sentence for the period you were incarcerated from May 2, 2013 to June 3, 2014 because you were held on both the new criminal charges and the board detainer during that period [sic]. As such, credit for that time must apply to your new sentence. *Id.* Subtracting the credit you received from the 3353 days you had remaining left 3260 days remaining on your sentence.
>
> The [Code] provides that convicted parole violators who are paroled from an SCI and then receive a new sentence to be served in an SCI must serve the original sentence first. 61 Pa. C.S. §6138(a)(5). Because the Board had already recommitted you as a technical parole violator, you became available to commence your original sentence when the court sentenced you on June 3, 2014. Adding the 3260 days you had remaining on your sentence to your availability date yields a new maximum sentence date of May 7, 2023.

(C.R. at 100-101.)

[4] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

Pennsylvania, the Board must apply the pre-sentence confinement credit to his original sentence.

In *Baasit*, a case with facts very similar to those in the instant one, we addressed, *inter alia*, the assignment of pre-sentence confinement credit. In that case, the parolee was on parole from his original state sentence when he was arrested on new state charges and a board detainer was lodged against him. Months later, the new state charges were dismissed. However, prior to dismissal of the charges, the parolee was arrested on federal charges and confined in a federal corrections facility pending trial on the federal criminal charges. The parolee was eventually convicted of the new federal charges and sentenced to a new term of imprisonment to be served in federal custody. After sentencing, the parolee was returned to state custody. The Board recommitted him as a convicted parole violator for the new convictions and recalculated his maximum parole date to reflect that he did not receive credit for the period he was detained on both the new criminal charges and the board detainer while in state custody. The parolee sought administrative relief, which the Board denied.

First, we addressed the Board's claim that under *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), where a parolee does not make bail, time spent in pre-sentence confinement always applies to the new charges without exception.[5] We found that was no longer so, given our Supreme Court's

---

[5] Generally, in the past, for cases dealing with the assignment of pre-sentencing credit where a parolee has been confined due to the Board's detainer as well as his new charges, our Supreme Court's holding in *Gaito* has controlled. In *Gaito*, the Pennsylvania Supreme Court held:

> [I]f a defendant is being held in custody *solely* because of a detainer
> lodged by the Board and has otherwise met the requirements for bail

**(Footnote continued on next page…)**

decision in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), affording the Board more flexibility and discretion to ensure that considerations relevant to the award of credit are just and equitable in nature.[6]

---

**(continued…)**

> on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito*, 412 A.2d at 571 (emphasis added).

[6] In illustrating that *Martin* deviates from *Gaito* with regard to flexibility in credit assignments, we looked directly to our Supreme Court's reasoning in *Martin*:

> *It is now the opinion of this Court that the Board should not have been divested of its ability to make a determination concerning credit for time served for pre-sentence detention in instances where confinement is a result of both the detainer for a parole violation and the failure to meet conditions of bail on the new offense.* Significantly, the General Assembly has sought to foreclose the award of such a credit only as against time spent at liberty on parole, thus suggesting the availability of credit for periods of incarceration. *Moreover, as noted by Judge Smith–Ribner in her dissenting opinion in this case, and Judge Friedman in her dissenting opinion in [Owens v. Pennsylvania Board of Probation and Parole*, 753 A.2d 919 (Pa. Cmwlth. (2000)]*, the considerations relevant to the award of credit are just and equitable in nature. Unique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Decision making in this context, is thus, particularly suited to a discretionary framework with guidelines to ensure equitable treatment.* Indeed, because the rules devised in *Gaito* and the underlying cases were incapable of anticipating all possible credit permutations, the decision by the courts to occupy this area has resulted in a denial of confinement credit to offenders who would have received time credit prior to [*Mitchell v. Pennsylvania Board of Probation and Parole*, 375 A.2d 902 (Pa. Cmwlth. 1997)].

**(Footnote continued on next page…)**

7

We then went on to address how, when there was both a state and federal detainer, pre-sentence time should be applied under the then-recent enactment of Section 6138(a)(5.1) of the Code, which required a parolee sentenced to a new term of incarceration by a federal court to serve the balance of his original state term before serving the new federal sentence. We noted that Section 6138(a)(5.1) "constituted a significant change in legislative policy regarding the order of service of sentences where the convicted parole violator received a new sentence in a federal court or a court of another jurisdiction." *Baasit*, 90 A.3d at 82. In finding under Section 6138(a)(5.1) that pre-sentence time where there was both a state and federal detainer should be calculated against state time, we noted that our decision embodied the principle that the sovereign which arrests a defendant first has primary jurisdiction with regard to the allocation of pre-sentence confinement credit between the sentences. We also alleviated all concerns that a parolee could receive credit for pre-sentence confinement against both his federal and state sentences by observing that 18 U.S.C. §3585(b)[7] precludes federal authorities from granting a parolee credit

---

**(continued...)**

*Baasit*, 90 A.3d at 81-82 (emphasis in original) (citing *Martin*, 840 A.2d at 308).

[7] 18 U.S.C. §3585(b) provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or

**(Footnote continued on next page...)**

8

toward his new federal sentence for any time credited toward his original sentence. Because the Board apparently believed it lacked discretion to award credit for pre-sentence confinement time, under the facts of that case, we remanded to the Board for reconsideration of whether the parolee was entitled to credit against his original state sentence for his confinement before imposition of the new federal sentence.

Even though the Board denied administrative relief approximately one year after our decision in *Baasit*, it failed to address that decision or the effect of Section 6138(a)(5.1) of the Code on the calculation of pre-sentence time. In its brief, however, the Board argues that *Baasit* was improperly decided because Section 6138(a)(5), the predecessor to Section 6138(a)(5.1), was always interpreted as "requiring the new and original sentences to be served consecutively and provide[d] for the post-sentence order of those sentences." (Respondent's Brief at 12.) It argues that based on this interpretation of Section 6138(a)(5), Section 6138(a)(5.1) does not change how pre-sentence credit should be applied, but rather, "merely changed the post-sentence order of sentences for new federal and out-of-state convictions/sentences." (*Id.* at 13.) The Board concludes that *Baasit* incorrectly interprets Section 6138(a)(5.1) to mean that "where the original SCI sentence had to be served before the newly imposed SCI sentence, all pre-sentence credit would have to be applied to the original sentence regardless of bail." (*Id.*) We disagree.

---

**(continued…)**

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

9

Section 6138(a)(5) of the Code provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5).

Further, Section 6138(a)(5.1) provides:

> (5.1) *If the parolee is sentenced to serve a new term of total confinement by a Federal court* or by a court of another jurisdiction because of a verdict or plea under paragraph (1), *the parolee shall serve the balance of the original term before serving the new term.*

61 Pa. C.S. §6138(a)(5.1) (emphasis added).

Before the enactment of subsection 5.1, when only subsection 5 existed, a parolee who was sentenced to serve a new term by a federal court or a court of

another jurisdiction was required to serve the new sentence before finishing the original sentence. The enactment of subsection 5.1 changed the order of service of sentences where the convicted parole violator received a new federal sentence or a sentence from a different jurisdiction. Because, as a result of subsection 5.1, a parolee must serve the entirety of his original term before serving his new federal or different jurisdiction sentence, the parolee no longer falls under the now-limited *Gaito* rule. As such, any pre-sentence confinement credit earned by the parolee must be applied to his original sentence. *Baasit*.

We find virtually no difference between *Baasit* and this case. Parolee was detained solely on the Board's detainer from January 29, 2013, to May 2, 2013. From May 2, 2013, to June 3, 2014, the date of sentencing for his federal charges, he was confined on both the federal charges and the Board's detainer. However, the Board only awarded him credit for the period of January 29, 2013, to May 2, 2013, because that was the time he was incarcerated solely on the Board's warrant. In light of our decision in *Baasit*, Parolee must be awarded pre-sentence confinement credit on his original state sentence for the period from May 2, 2013, to June 3, 2014.

Accordingly, we vacate the Board's recalculation decision and remand to the Board to recalculate and award Parolee the appropriate pre-sentence credit on his original sentence.

_____
DAN PELLEGRINI, Senior Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derek Smith,                  :
          Petitioner         :
                                   :
         v.                   : No. 1007 C.D. 2015
                                   :
Pennsylvania Board of Probation    :
and Parole,                      :
         Respondent     :

# **O R D E R**

AND NOW, this <u>23</u><sup>rd</sup> day of <u>February</u>, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of May 21, 2015, is vacated and the case is remanded to the Board for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge