# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Naylor,                          :
                    Petitioner           :
                                         :
          v.                             :    No. 557 C.D. 2015
                                         :    SUBMITTED:  April 15, 2016
Pennsylvania Board of Probation          :
and Parole,                              :
                    Respondent           :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED:  June 3, 2016**


Petitioner, Michael Naylor, petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) denying his petition for administrative review of the most recent change to his parole violation maximum sentence date.  In addition, Petitioner's counsel, Tina M. Fryling, Esquire, petitions for leave to withdraw her representation, asserting that Petitioner's appeal is meritless.  After review, we grant counsel's March 2016 petition and affirm the Board's recommitment order.

The pertinent procedural background of this matter is as follows:

[B]y notice mailed on February 13, 2015, which referenced a Board decision recorded on February 2, 2015, the Board informed Petitioner of his

"recommit[ment] to a state correctional institution as a technical parole violator to serve 6 months, and as a convicted parole violator to serve 6 months, concurrently, for a total of 6 months [backtime]." Certified Record, Notice of Board Decision, mailed February 13, 2015, at 1. Petitioner's new parole violation maximum date was listed as August 14, 2018. Petitioner, representing himself, promptly filed a request for administrative review with the Board, arguing the Board miscalculated his parole violation maximum date and requesting the Board to re-issue an official action providing for a parole violation maximum date of September 23, 2016. The Board denied Petitioner's review request, determining that the August 14, 2018, parole violation maximum date was correct.

*Naylor v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 557 C.D. 2015, filed February 9, 2016), slip op. at 2. Subsequently, counsel filed a petition for review with this Court on Petitioner's behalf, asserting the Board's imposition of an incorrect parole violation maximum date. Counsel also filed a petition for leave to withdraw as counsel, which this Court denied without prejudice.[1] In the instant petition for leave to withdraw as counsel and *Turner* letter[2] in support thereof,

---

[1] This Court denied Ms. Fryling's July 2015 petition to withdraw as counsel, without prejudice, due to her lack of knowledge regarding Petitioner's actual parole violation maximum date. *Naylor v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth., No. 557 C.D. 2015, filed February 9, 2016). In addition, we directed her to refile her petition to withdraw or file a brief in support of Petitioner's petition for review within thirty days of our order.

[2] Pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), counsel aiming to withdraw from the representation of a petitioner who seeks review of a Board determination must proffer a "no-merit" letter detailing the nature and extent of counsel's review and listing the discrete issues that the petitioner wishes to raise, with counsel's reasons why those issues lack merit. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (relying on *Turner*, 544 A.2d at 928). If counsel fails to satisfy the technical requisites of a no-merit letter, this Court will deny the attorney's request to withdraw representation, and we will direct counsel either to file a new request with supporting documents complying with the technical requisites of a no-merit letter or a brief advocating on the petitioner's behalf. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43-44 (Pa. Cmwlth. 2010); *Zerby*, 964 A.2d at 960. We are now satisfied that counsel has met her obligations pursuant to *Turner*.

counsel now maintains that the Board's parole violation maximum date was calculated correctly because Petitioner forfeited credit for all of the time that he spent on parole. We agree.

Pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Code), *as amended*, 61 Pa. C.S. § 6138(a)(2), the convicted parole violator "shall be given no credit for the time at liberty on parole." Petitioner was incarcerated in 2008 for drug-related crimes and recommended for boot camp. Certified Record (C.R.), Item No. 1 at 1-2. In a March 2011 decision, the Board recommitted him to serve six months backtime as a technical parole violator and noted that his parole violation maximum date of July 15, 2014, could change upon conviction of new criminal charges. *Id*., Item No. 2 at 6. In an August 2011 decision, the Board recommitted him as a convicted parole violator to serve fifteen months, concurrently with the aforementioned six months. *Id*. at 8. In addition, his parole maximum date was increased to February 5, 2016.

Subsequently, the Board reparoled Petitioner in July 2012 based on his participation in and completion of prescribed institutional programs, acceptance of responsibility for his offenses and the existence of a state detainer filed against him. *Id*. at 12-13. At that time, his parole maximum sentence date was February 5, 2016, and there were 1313 days remaining on his original sentence. *Id*. Effective July 12, 2013, however, Petitioner was declared delinquent, and was ultimately convicted, for having illegal substances in his possession. *Id*., Item No. 3 at 24, 26-27; Item No. 4 at 33; and Item No. 5 at 37-38. He, therefore, forfeited credit for the 294 days when he was previously released on parole: July 2, 2012, to April 22, 2013. Accordingly, his parole maximum date was moved to September

3

23, 2016, and the total of backtime owed was as follows: 294 + 1313 = 1607 days. *Id.*, Item No. 3 at 30.

Following a reparole, Petitioner was arrested once again in February 2014 and placed in SCI-Pittsburgh on March 21, 2014. Following a conviction in Westmoreland County on October 1, 2014, he was placed in SCI-Albion in "parole violator pending" status. In a November 2014 decision, the Board recommitted him as convicted parole violator. *Id.*, Item No. 5 at 70. In a February 2015 decision, the Board recommitted him as both a technical and convicted parole violator and directed him to serve the six-month time periods concurrently. His new parole maximum date moved to August 14, 2018, the date now at issue. *Id.* at 74-75. The Board did not err in computing Petitioner's new parole maximum date.

Petitioner was not entitled to credit for backtime served because he was never incarcerated solely on the Board's warrant. *See Gaito v. Pa. Bd. of Prob.*, 412 A.2d 568, 571 (Pa. 1980).[3] In addition, he received confinement time credit of fifty-eight days for the period from April 22, 2013, to June 19, 2013. Further, he was provided backtime credit of ninety-seven days for the period from February 28, 2014, date of the Board's detainer, to June 5, 2014, the date bail was made secure on new criminal charges. He also received backtime credit of 111 days for the period from June 12, 2014, the date bail was posted/made unsecured, to October 1, 2014, the date of conviction. Accordingly, he received a total of 266 days credit. *Id.*, Item No. 5 at 72-73. As the Board stated in its March 2015 decision:

---

[3] As this Court noted in *Smith v. Pennsylvania Board of Probation and Parole*, 133 A.3d 820 (Pa. Cmwlth. 2016), *Gaito* was limited by *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 308 (Pa. 2003). That limitation does not apply here.

4

Applying 266 days to 1,607 days yields a total of 1,341 days (or 3 years, 7 months, 29 days) owed. [Petitioner] became available to begin serving [his] back time on December 12, 2014[,] when [he] was released by Westmoreland County and returned to Pennsylvania authorities. Adding 1,341 days to December 12, 2014[,] yields a parole violation maximum sentence date of August 14, 2018.

*Id*., Item No. 6 at 85-86.

For the foregoing reasons, we agree that Petitioner's appeal is meritless. Accordingly, we grant Attorney Fryling's petition to withdraw as counsel and affirm the Board's order denying administrative relief.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Naylor,                              :
                    Petitioner              :
                                            :
            v.                              :  No. 557 C.D. 2015
                                            :
Pennsylvania Board of Probation            :
and Parole,                                 :
                    Respondent              :

# **O R D E R**

AND NOW, this 3rd day of June, 2016, Tina M. Fryling's petition to withdraw as counsel is hereby GRANTED and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge