Leonard Caslin,  :
          Petitioner  :
  :
      v.  :
  :
Pennsylvania Parole Board,  :  No. 452 C.D. 2023
          Respondent  :  Submitted: March 8, 2024

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                 FILED: April 23, 2024

Leonard Caslin (Caslin) petitions this Court for review of the Pennsylvania Parole Board's (Board) order dated April 26, 2023, denying his request for administrative relief. Caslin is represented in this matter by appointed counsel Kent D. Watkins, Esquire (Counsel) who has filed an Application to Withdraw as Counsel (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter)[1] in support thereof. After review, this Court grants Counsel's Application and affirms the Board's order.

---

[1] Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com*[*monwealth*] *v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* [L]etter");

Caslin is currently incarcerated at the State Correctional Institution (SCI) at Mahanoy.[2] By March 8, 2015 order, the Board paroled Caslin from his 12 year, 6 month to 25 year sentence (Original Sentence), at which time Caslin's Original Sentence maximum release date was January 29, 2027. Caslin subsequently returned to prison after the Board declared him delinquent on April 27, 2016, and recommitted him as a technical parole violator.

Relevant to the instant matter, by July 6, 2018 order, the Board again paroled Caslin from his Original Sentence, at which time his maximum sentence release date was December 16, 2027. The Board released him on August 7, 2018. *See* Certified Record (C.R.) at 21-22. On January 15, 2022, the Bensalem Township, Bucks County, Police Department arrested Caslin for fleeing or attempting to elude a police officer, possession of marijuana, use of drug paraphernalia, and trespass by motor vehicle (Bensalem Charges). That same date, the Board issued a warrant to commit and detain Caslin. *See* C.R. at 42-43, 48. Caslin also had an active warrant from Robbinsville Township, New Jersey, and had charges forthcoming from Lawrenceville, New Jersey (New Jersey Charges). Caslin posted bail in Bucks County on January 24, 2022. On July 11, 2022, Caslin pled guilty to one count of fleeing or attempting to elude a police officer, and the Bucks County Common Pleas Court sentenced Caslin to 4 to 12 months of incarceration and 12 months of probation consecutive to the incarceration. *See* C.R. at 48-51.

On October 20, 2022, the Board issued a Notice of Charges and Hearing scheduling Caslin's parole revocation hearing for November 18, 2022. That same

*Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).

[2] *See* http://inmatelocator.cor.pa.gov (last visited Mar. 22, 2024).

day, Caslin waived his rights to a panel hearing and representation of counsel. *See* C.R. at 56-58. He also admitted to the conviction for fleeing or attempting to elude a police officer. *See* C.R. at 59. By decision recorded on November 18, 2022, and mailed on November 23, 2022 (November 2022 Board Decision), the Board ordered Caslin to serve six months of incarceration at an SCI as a convicted parole violator (CPV). *See* C.R. at 89. The Board awarded Caslin credit for his time at liberty on parole. *See id.* The Board recalculated Caslin's maximum sentence release date as December 25, 2027.

Caslin, pro se, filed an administrative remedies form dated December 14, 2022, which the Board received on December 28, 2022, challenging the November 2022 Board Decision, and asserting that the Board did not correctly apply his incarceration time and did not properly recalculate his sentence. On April 21, 2023, the Board modified its November 2022 Board Decision to detain Caslin pending disposition of the New Jersey charges. *See* C.R. at 99. By April 26, 2023 letter, the Board affirmed the November 2022 Board Decision. *See* C.R. at 97-98. Caslin, through Counsel, timely appealed to this Court.[3]

On July 31, 2023, Counsel filed the Application and *Turner* Letter. By August 2, 2023 Order, this Court informed Caslin that he may, within 30 days after service of the Order on him by Counsel, either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a brief in support of the Petition for Review, or file a brief on his own behalf.[4] On August 15, 2023, Caslin filed a pro se brief with this Court. Also on August 15, 2023, the Board filed an

---

[3] This Court's "review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[4] Counsel also notified Caslin regarding the same in his *Turner* Letter. On August 2, 2023, Counsel served the Order on Caslin.

Application to Stay Briefing until this Court decides Counsel's Application, which this Court granted on August 17, 2023.

> Initially,
>
> "[a] [no-merit] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer* [*v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted).  As long as a [no-merit] letter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief.  However, if the [no-merit] letter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of [his] client.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (citation omitted).  "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).  Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

In reviewing Counsel's *Turner* Letter herein, this Court notes that it contains the procedural history of Caslin's case, as well as Counsel's review of the

4

record and relevant statutes and case law. Counsel served Caslin with a copy of the *Turner* Letter and his Application, and notified Caslin that he may either obtain substitute counsel or file a brief on his own behalf. Counsel represents therein that Caslin's chief challenge is that the Board failed to give him credit for all time served. Counsel provides sufficient reasons why Caslin's issues are without merit. Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements for withdrawing from representation.

Caslin argues that the Board failed to give him credit for all time served exclusively on its warrant or while incarcerated on his parole sentence. This Court recognizes that Section 6138(a)(4) of the Prisons and Parole Code (Parole Code) provides: "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator[,]" 61 Pa.C.S. § 6138(a)(4), and "[CPVs] must serve the backtime on their original state sentence before they can begin to serve time on their newly-imposed state sentence under Section 6138(a) of the [Parole] Code." *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015).

However, "[t]he general rule governing the allocation of credit for time served awaiting disposition of new criminal charge[s] was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation [&] Parole*, . . . 412 A.2d 568 ([Pa.] 1980)."[5] *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348,

---

[5] The Parole Code was consolidated and became effective on October 13, 2009. *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any
> penal institution of the Commonwealth who, during the period of

5

352 (Pa. Cmwlth. 2007). Pursuant to *Gaito*, "this Court consistently [has] held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied [on the new criminal charge], must be applied toward the new sentence, and not to the original sentence."[6] *Armbruster*, 919 A.2d at 352. "*Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a [CPV] who receives a new sentence of incarceration[.]" *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 768 (Pa. 2017). Accordingly, the Board does not have flexibility to determine the sentence to which credit should be applied.

> Section 6138(a)(5) of the Parole Code provides:
>
> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].
>>
>> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

---

parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole . . . .

*Former* 61 P.S. § 331.21a(a) (repealed).

[6] If the parolee met bail requirements for the new charges and was thus detained solely on the Board's detainer, time in custody is to be credited against the original sentence. *See Smith v. Pa. Bd. of Prob. & Parole*, 133 A.3d 820 (Pa. Cmwlth. 2016) (*Smith I*), *rev'd on other grounds*, 171 A.3d 759 (Pa. 2017) (*Smith II*); *see also Gaito*.

> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5).

In its April 26, 2023 response to Caslin's pro se administrative remedies form affirming the November 2022 Board Decision, the Board explained:

> The Board re-paroled Caslin from [an SCI] on August 7, 2018[,] with a maximum date on his [O]riginal [S]entence of December 16, 2027. [*See* C.R. at 22.] Though he was released to a state detainer sentence and thereafter released to supervision, the [Original S]entence . . . controls[,] as he owed 3[,]418 days [on] the date Caslin was re-paroled [(August 7, 2018 to December 16, 2027)]. The Board in its discretion awarded Caslin credit for the time spent at liberty on parole based on his recommitment as a . . . [CPV]. [*See* Section 6138(a)(2.1) of the Parole Code,] 61 Pa.C.S. § 6138(a)(2.1). This means that the Board applied credit toward [Caslin's] [O]riginal [S]entence for 1[,]257 days from August 7, 2018 (release date) to January 15, 2022 (Bucks County arrest and Department of Corrections' . . . warrant). This means that Caslin was left with 3[,]418-1[,]257=2[,]161 days remaining on his [O]riginal [S]entence based on the recommitment. Considering that Caslin posted bail in Bucks County on January 24, 2022, the Board applied pre-sentence credit toward his [O]riginal [S]entence from that date to July 11, 2022, a period of 168 days that he was held solely on [] the [Department]'s warrant. *Gaito* . . . . Thus, Caslin was left with 2[,]161-168 = 1[,]993 days to serve on his [O]riginal [S]entence. Because he was sentenced to county incarceration, the [] Parole Code provides that he must serve the new sentence first. [*See*] 61 Pa.C.S. § 6138(a)(5). Absent a paroling order or response from Bucks County when such an order was requested, this means that Caslin was determined available to commence service of his [O]riginal [S]sentence on July 11, 2022[,] when he was released from Bucks County prison back into SCI custody following sentencing. Thus, adding 1[,]993 days to July 11, 2022[,] yields a recalculated maximum [sentence release] date of December 25, 2027.

C.R. at 97-98.  This Court discerns no error in the Board's calculations.

As reflected in the Board's Order to Recommit, mailed on November 23, 2022, the Board awarded credit of 1,257 days for the time Caslin was at liberty on parole from August 7, 2018 to January 15, 2022, when he was arrested on the Bensalem Charges.  *See* C.R. at 92.  Caslin also received a 168-day backtime credit from January 24, 2022 to July 11, 2022.  *See id*.  The backtime owed was 1,993 days.  *See id*.  Caslin was in custody for return on July 11, 2022, and the recomputed maximum sentence release date was December 25, 2027.  *See id*.  The November 2022 Board Decision recommitted Caslin for six months of backtime for the Bensalem Charge of fleeing or attempting to elude an officer.  *See* C.R. at 89-90.

Because this Court agrees that Caslin's claim has no merit, Counsel's Application is granted, and the Board's order is affirmed.

Leonard Caslin, :
          Petitioner :
           :
     v. :
           :
Pennsylvania Parole Board, : No. 452 C.D. 2023
          Respondent :

PER CURIAM

O R D E R

AND NOW, this 23rd day of April, 2024, Kent D. Watkins, Esquire's Application to Withdraw as Counsel is GRANTED, and the Pennsylvania Parole Board's April 26, 2023 order is AFFIRMED.